IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLENN CASEY PORTWOOD, § <br> BOP Register No. 64653-379, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> SCHNEIDER & MCKINNEY P.C. and § <br> W. TROY MCKINNEY, § <br> § <br> *Defendants.* § | Civil Action No. 3:20-CV-03344-X |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case.[1] Plaintiff Glenn Casey Portwood filed a Notice of Demand that the Court construes as an objection to the Magistrate Judge's findings, conclusions, and recommendation.[2] Portwood argues that his due process rights have been violated because the Magistrate Judge filed a recommendation before he had "an opportunity to formally respond" as to whether he consented to review of his case by a Magistrate Judge.[3] He also argues that the Magistrate Judge failed to recognize in his recommendation that he is only suing Defendant W. Troy McKinney, his initial criminal defense attorney who resigned prior to his hearing.[4] He

---

[1] Doc. 4.

[2] Doc. 5; *see also Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are to be liberally construed . . . .").

[3] Doc. 5.

[4] *Id.*

therefore asks the Court to strike the Magistrate Judge's recommendation from the record.  The Court reviews *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviews the remaining proposed findings, conclusions, and recommendation for plain error.

Portwood's objections are not persuasive.  The Court referred Portwood's complaint to a Magistrate Judge not for adjudication, but for findings, conclusions, and a recommendation.  The former requires consent of the parties.[5]  The latter does not.[6]  The Magistrate Judge's recommendation is not a binding judgment unless the Court reviews it, accepts it, and adjudges the case accordingly.  And because the Court has reviewed the recommendation and found no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[7]

**IT IS SO ORDERED** this 2nd day of December, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. 636(c).

[6] 28 U.S.C. § 636 (b)(1); *see also Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1938–39 (2015) ("Congress has also authorized the appointment of . . . magistrate judges . . . to assist Article III courts in their work. . . .  [I]t is no exaggeration to say that without the distinguished service of these judicial colleagues, the work of the federal court system would grind nearly to a halt.").

[7] The Court is likewise unpersuaded by Portwood's objection regarding the object of his suit.  The Magistrate Judge recognized that Portwood's suit was directed at McKinney.  There is no indication that the Magistrate Judge based his recommendation on the fact that Portwood later had different defense counsel.  *See* Doc. 3 at 1, 6 (referring to McKinney as Portwood's "former defense counsel").